[758 NYS2d 531]

In the Matter of BRUCE C. MANDIA (Admitted as BRUCE CHARLES MANDIA), an Attorney, Resignor.

Second Department, May 5, 2003

**APPEARANCES OF COUNSEL**

*Richard E. Grayson*, White Plains, for resignor.

*Gary L. Casella*, White Plains (*Gary D. Egerman* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

In response to a motion by the Grievance Committee, inter alia, for his interim suspension from the practice of law, pursuant to 22 NYCRR 691.4 (*l*) (1) (i), (ii), and (iii), and for authori-

zation to institute and prosecute a disciplinary proceeding against him, Bruce C. Mandia has submitted an affidavit dated February 7, 2003, in which he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Mandia was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 2, 1983, under the name Bruce Charles Mandia.

Mr. Mandia avers that he is making his resignation voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission. He is aware that he may not seek reinstatement for a period of at least seven years, and he has discussed his decision to resign with his attorney. He acknowledges that there is a pending motion for his interim suspension from the practice of law and for the institution and prosecution of a disciplinary proceeding against him based on complaints that he failed to account, that he neglected legal matters entrusted to him, that he failed to return unused retainers, and that he failed to cooperate with the Grievance Committee's investigation thereof. Mr. Mandia also acknowledges that he was served with a petition containing 18 charges of professional misconduct against him and that he cannot successfully defend himself on the merits against such charges.

Mr. Mandia is aware that in any order permitting him to resign, the Appellate Division could require him to make monetary restitution to anyone whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection. He is aware that any such order could be entered as a civil judgment against him, and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

In mitigation, Mr. Mandia asks the Court to consider that he was diagnosed with clinical depression in 1993 and that he has been under psychiatric care since then. He has been taking antidepressant medication since 1997. His depression deepened due to his contested matrimonial litigation and the illness of a family member. It caused him to be unable to respond to clients and the Grievance Committee, and it caused him to be unable to reconcile his escrow account or even to open the envelopes with the monthly bank statements. His condition caused in him irrational fear and paralysis, and he apologizes for the problems he has caused his clients and the Grievance Committee.

The Grievance Committee urges acceptance of the proffered resignation and asks the Court to appoint a conservator to

inventory Mr. Mandia's files. Mr. Mandia does not object to the appointment of a conservator.

Inasmuch as the proffered resignation complies with all of this Court's rules and regulations, it is accepted, Bruce C. Mandia is disbarred, and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee's motion is granted insofar as a conservator is hereby appointed, pursuant to 22 NYCRR 691.10 (g), to inventory Mr. Mandia's files and to take such action as seems indicated to protect the interests of Mr. Mandia and his clients, and the motion is otherwise denied as academic.

RITTER, J.P., SANTUCCI, ALTMAN, FLORIO and ADAMS, JJ., concur.

Ordered that the resignation of Bruce C. Mandia is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bruce C. Mandia is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Bruce C. Mandia shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bruce C. Mandia is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the Grievance Committee's motion is granted, and Richard Fuchs, 6 Balmoral Drive, New City, N.Y. 10956 is appointed, pursuant to 22 NYCRR 691.10 (g), as conservator to inventory the files of Bruce C. Mandia and to take such action as seems indicated to protect his interests and the interests of his clients, and the motion is otherwise denied as academic.